UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE JUNIOR BROWN,

    Petitioner,

v.                                      Case No. 8:06-cv-1970-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Brown's petition for the writ of habeas corpus (Doc. 1) challenges an old 1987 state conviction for which he served thirty months imprisonment. The respondent presents (Doc. 8) several valid reasons for dismissing the habeas petition and provides supporting documents ("Respondent's Exhibit __"). Brown recognizes (Doc. 11) that obstacles impede a review on the merits.

In 1990 Brown was convicted of numerous charges and received a life sentence as a habitual offender. The state used the 1987 convictions to qualify Brown as a habitual offender.[1] Brown unsuccessfully challenged the validity of the 1990 convictions in an earlier federal habeas corpus petition. Willie Junior Brown v. Michael W. Moore, 8:98-cv-635-T-17E. Judgment denying relief was entered in 2001.

---

[1] The record shows that Brown qualified for habitual offender status without considering the two 1987 convictions. See Respondent's Exhibit 6 at 2.

The 1987 judgment shows that Brown stands convicted of both dealing in stolen property and theft (Respondent's Exhibit 2). In 2004 Brown prevailed in a state Rule 3.800(a) motion to correct illegal sentence because both convictions were based on a single incident. The state court issued a new judgment showing a conviction for dealing in stolen property and dismissing the theft charge (Respondent's Exhibit 8). Brown relies on Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), for the proposition that the new judgment started a new statute of limitation for challenging the 1987 conviction. Walker, however, is inapplicable because Brown is no longer in custody based on the new judgment. Ferreira v. Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) ("We now hold that AEDPA's statute of limitations begins to run when **the judgment pursuant to which the petitioner is in custody**, which is based on both the conviction and the sentence the petitioner is serving, is final.") (emphasis added).

Brown's 1990 life sentence, not the 1987 thirty-month sentence, imprisons him. Consequently, Brown fails to meet the "in custody" requirement of Section 2254. A petitioner cannot challenge the validity of a state court conviction unless confined based on the challenged conviction:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). Brown cannot proceed with his challenge to the 1987 conviction, notwithstanding the 2004 amended judgment. Lackawanna County District Attorney v. Coss, 532 U.S. 398 (2001); Maleng v. Cook, 490 U.S. 488, 491-92

(1989).  Recognizing this obstacle, Brown asks that this court construe his "petition as an attack on his 1990 current sentences. . . ."  Traverse at 4 (Doc. 11).  Brown's request is impossible for two reasons.

First, the only basis the petition asserts for challenging the 1990 convictions is the validity of the 1987 conviction used to qualify Brown as a habitual felony offender.  Brown cannot use the 1990 convictions as a subterfuge to challenge the expired 1987 conviction.  "If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse."  Daniels v. United States, 532 U.S. 374, 382 (2001).  In Lackwanna County District Attorney v. Coss, 532 U.S. 394 (2001), issued simultaneously with Daniels, the Court applied the same rationale to bar Section 2254 review of a prior state conviction used to enhance a new state conviction.

Second, Brown previously challenged the 1990 convictions in a federal habeas corpus proceeding, which was denied on the merits.  Consequently, Brown must receive permission from the Eleventh Circuit Court of Appeals before pursuing a second or successive petition.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  See Felker v. Turpin, 518 U.S. 651, 664 (1996); Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999).  Recognizing this obstacle, Brown asks that this court "stay the proceeding while petitioner seeks authorization to file a successive petition. . . ."  Traverse at 7 (Doc. 11).  Brown's request is not possible because this

- 3 -

court lacks jurisdiction until the circuit court grants Brown permission to file a second or successive petition.  <u>Burton v. Stewart</u>, ___ U.S. ___, 127 S.Ct. 793, 799 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, the respondent's motion to dismiss (Doc. 8) is **GRANTED**.  The petition for the writ of habeas corpus (Doc. 1) is **DISMISSED**.  Any pending motion is denied as moot.  The clerk shall enter a judgment for the respondent and close this action.

ORDERED in Tampa, Florida, on April 16, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE